## TERRITORY OF HAWAII *v.* ROBERT K. SHITO.

### No. 4103.

ARGUED MARCH 17, 1959.                    DECIDED APRIL 1, 1959.

RICE C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This case is before us on a writ of error sued out by Robert K. Shito, defendant, from his conviction in the Circuit Court of the Second Circuit for perjury. The case was initiated on August 11, 1956, when the circuit judge summarily committed the defendant

for trial. However, the grand jury did not indict the defendant until May 7, 1958. Thus, there was an interval of 1 year 8 months and 27 days between the summary committal and the indictment. The sole question for decision is whether such pre-indictment delay violated the requirement of speedy trial under the Sixth Amendment to the Constitution of the United States.

The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * * ." The amendment applies to criminal proceedings in territorial courts. It is not applicable to proceedings in state courts. However, all state constitutions contain similar provision, and in most states the constitutional provision is implemented by statutes which prescribe the period of permissible pre-indictment delay.

In Hawaii, before 1903, there was a statute setting a time limit for the return of an indictment. Penal Laws of 1897, § 615, provided that "the presentation of an indictment against an accused shall not be deferred beyond the term of the Court having jurisdiction of the alleged offense next succeeding the commitment of the accused for trial by a Magistrate having competent jurisdiction therefor." The statute was amended by S.L.H. 1903, ch. 39, to read as follows: "In all cases of offences against the laws of this Territory, brought in the first instance in a court of record, the accused shall be arraigned and prosecuted upon an information or indictment, as soon after the commitment of the offence of which he is accused as may be expedient." The statute, as amended, is compiled in R.L.H. 1955, § 258-2. In *Territory* v. *Rituta,* 39 Haw. 522, this court held that the amended statute applies only prospectively from the time that an information or indictment against the accused is filed or entered, and "has no application to any proceedings before a grand jury or to any other proceedings antedating the filing of an information or the entry of an indictment." Thus, presently, there is no territorial statute which limits the time within which an indictment may be returned.

In the absence of a statute implementing the Sixth Amendment, the determination of the question as to whether there has been a pre-indictment delay of such length as to warrant dismissal of the indictment rests within the reasonable discretion of the trial court. That such is the view of the Supreme Court of the United States

is evident from rule 48(b) of the Federal Rules of Criminal Procedure, promulgated by that court, which provides: "If there is unnecessary delay in presenting the charge to the grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

Practically all of the Federal decisions construing the Sixth Amendment relate to post-indictment delays in trial. Only in one case have we found a reference to pre-indictment delay. In *United States* v. *Kaye,* 251 F. (2d) 87, certiorari denied 356 U.S. 919, the United States Court of Appeals of the Second Circuit sustained a conviction upon an indictment returned 2½ years after the arrest of the accused.

However, some Federal decisions relating to post-indictment delays are not without cogency. They set forth considerations which are to be taken into account by a trial court in determining whether or not a criminal defendant should be discharged on account of delays in prosecution. (*Beavers* v. *Haubert,* 198 U.S. 77, 86; *Pollard* v. *United States,* 352 U.S. 354, 361; *Frankel* v. *Woodrough,* 7 F. [2d] 796, 798; *United States* v. *Holmes,* 168 F. [2d] 888, 891; *Iva Ikuko Toguri D'Aquino* v. *United States,* 192 F. [2d] 338, 350; *Kyle* v. *United States,* 211 F. [2d] 912, 914; *Kong* v. *United States,* 216 F. [2d] 665, 666; *Day* v. *Davis,* 235 F. [2d] 379, 385.) We think that similar considerations apply in determining whether there has been any unnecessary pre-indictment delay as in determining whether there has been any unnecessary post-indictment delay.

The cases cited above make it clear that the question of speedy trial involves not only the rights of the accused but also the interest of the public. The Supreme Court of the United States stated in *Beavers* v. *Haubert*: "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." So, also, in *Frankel* v. *Woodrough,* the United States Court of Appeals of the Eighth Circuit stated: "Speed in trying accused persons is not of itself a primal and separate consideration. Justice, both to the accused and to the public,

is the prime consideration. Such speed is merely an important element or attribute of justice. If either party is forced to trial without a fair opportunity for preparation, justice is sacrificed to speed. But when both parties have had fair opportunity for preparation, then either has a legal right to demand a trial as soon as the orderly conduct of the business of the court will permit." A delay of three years in trial does not necessarily constitute denial of speedy trial. In *United States* v. *Holmes,* the Court of Appeals of the Third Circuit held: "While three years does seem to us to be a longer period of time than was necessary for the efficient handling of this case, we think defendant can hardly claim that his constitutional privilege was abridged. * * * In the complete absence of any indication that the instant defendant was adversely affected in the preparation or prosecution of his defense by the lapse of time in bringing this case to trial, we can see no ground for complaint by defendant on that score." Difficulty in securing witnesses and preparing for trial because of military situation will justify a delay in trial. In *Day* v. *Davis,* the Court of Appeals of the Tenth Circuit held: "The right to a speedy trial is relative and must be determined in the light of all the circumstances in each case. * * * In view of the military situation, the difficulty in securing witnesses, and of preparing the case, it cannot be said that Day was denied a speedy trial."

A person accused of perjury may be convicted only upon the testimony of two credible witnesses or of one credible witness corroborated by other evidence that satisfies the trier of facts beyond a reasonable doubt as to the guilt of the accused. (*Territory* v. *Lee Chee,* 31 Haw. 587.) In the instant case, Henry Levi, Jr., whose testimony was necessary for the conviction of the defendant was in the United States army when the circuit judge cited the defendant for perjury. The witness was then stationed in Germany. He was later transferred to Camp Carson, Colorado, and served there until his discharge in January 21, 1958. After his discharge, he remained in Camp Carson as a civilian employee. In April 1958, three months after his discharge, he was interviewed in Colorado Springs by Meyer Ueoka, deputy county attorney of the county of Maui, concerning the defendant. He returned to Hawaii on May 1, 1958, at the expense of the county of Maui. The grand jury

indicted the defendant immediately after the witness returned to Hawaii.

The defendant was at large on bail in the interval between the summary committal and the indictment. There is no evidence that he was prejudiced in conducting his defense by reason of the delay in the indictment. If he had been indicted in the absence of the summary committal by the circuit judge, he would have no ground for attacking the indictment, for it would have been brought within the period of the statute of limitation. (*Parker* v. *United States*, 252 F. [2d] 680.)

The pre-indictment delay in the instant case did not violate the Sixth Amendment.

Affirmed.

*Wendell F. Crockett* (*William F. Crockett* with him on the briefs) for appellant.

*Meyer M. Ueoka,* Deputy County Attorney Maui County (*Harold L. Duponte,* County Attorney Maui County, with him on the brief) for appellee.