·STATE OF HAWAII, Plaintiff-Appellant, *v.* (No. 5152) ROY
ALTON BRYSON, Defendant-Appellee, (No. 5153)
BRUCE CHARLES BOWMAN, Defendant-Appellee,
and William Bannister, Defendant, (No. 5154) HENRY
ASHFORD COAKLEY, Defendant-Appellee, and Ernest
James Granito, Defendant, (No. 5155) SHERMAN IVERS
EGGE, Defendant-Appellee

Nos. 5152—5155

September 8, 1972

RICHARDSON, C.J., MARUMOTO, LEVINSON,
KOBAYASHI, JJ., and VITOUSEK, Circuit
Judge, for Abe, J., Disqualified

OPINION OF THE COURT BY RICHARDSON, C.J.

The four narcotics cases before this court were consoli-
dated for purposes of argument on appeal. All of the pros-
ecutions were the result of alleged sales of narcotics to an

undercover police officer. Each defendant was indicted by a grand jury from six to nine months after the date of the alleged sale.

The defense counsel below moved to dismiss the indictments on the ground that there had been an unreasonable and prejudicial lapse of time between the date of the commission of the alleged offense and the date of the defendants' indictments. In two of the cases testimony was taken from both a defendant and the undercover police officer. In the other two cases no testimony was taken and no evidence was presented.

The undercover police officer testified that the charges were not brought earlier due to a desire to protect his undercover operations in order to facilitate discovery of the persons chiefly responsible for the traffic in narcotic drugs in the State of Hawaii. The trial judge ruled that any delay in excess of six months between the alleged sale of a narcotic drug and an indictment for the sale would be deemed prejudicial and that the state would have the burden of coming forward to show sufficient reason for the delay. The desire of the police department to protect the undercover police officer's identity while he attempted to reach larger figures in the drug traffic was held to be insufficient reason to overcome the prejudice resulting from the delay in excess of six months. The defendants' motions to dismiss were granted and the state appealed therefrom.

The appellees contend that the result below was required by the right to a speedy trial guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section II of the Hawaii Constitution, and the due process clause of the Fifth Amendment of the United States Constitution and Article I, Section 4 of the Hawaii Constitution. We shall deal with the two constitutional arguments in turn.

The appellees would interpret the constitutional right to a speedy trial to arise once there is a "decision to prosecute." We cannot agree. The speedy trial provision has no appli-

cation until the putative defendant becomes an "accused."[1] This means that the defendant must in some way be charged or detained. It does not mean that the police simply know that an offense has occurred.

The United States Supreme Court in *United States v. Marion*, 404 U.S. 307 (1971), examined extensively the constitutional guarantees of a speedy trial and due process of law where the delay is prior to arrest or indictment. In *Marion* the defendants-appellees were indicted on April 19, 1970 for allegedly conducting a fraudulent business scheme involving misrepresentations, alterations of documents, and deliberate nonperformance of contracts. The period covered in the indictment was March 1964 to February 1967. Over three years elapsed between the date of the last alleged illegal act and the date of the indictment. Counsel for the defendants moved to dismiss because the indictment was returned "an unreasonably oppressive and unjustifiable time after the alleged offense." 404 U.S. 307. They argued that the memory of many specific acts and conversations had dimmed with the passage of time. Negligence or indifference on the part of the United States Attorney was alleged. No specific prejudice was claimed or demonstrated.

---

[1]Both Art. I sec. II of the Hawaii Constitution and the Sixth Amendment of the Constitution of the United States provide that " [i ]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial . . . ."

The opinion of the Supreme Court, delivered by Justice White, refused to recognize an invasion of the right to a speedy trial as guaranteed by the Sixth Amendment. Only after the indictment, according to the Court, had the defendants become "accused" and therefore entitled to a constitutionally required speedy trial.

The Supreme Court held:

> . . . [I]t is readily understandable that it is either formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particular protection of speedy trial provisions of the Sixth Amendment.

We adopt the same interpretation for the Hawaii State Constitution right to a speedy trial. Prior to such formal charge or detention a citizen suffers no public accusation or restraint on his liberty. The passage of time may always impair memories or cause evidence to be lost and lead to interference with a defendant's ability to defend himself. The legislature has provided a statute of limitations to guard against the prejudice which results from the passage of an excessive period of time between the commission of an alleged crime and its prosecution. These statutes set a time limit beyond which it is irrebuttably assumed that a defendant's right to a fair trial would be prejudiced. The constitutional right to a speedy trial serves to insure an accused of an early disposition of the charges against him; it is not intended to be substituted for the statute of limitation's protection against state prosecutions. This court has so held in the previous decisions of *Territory v. Shito,* 43 Haw. 203 (1959) and *State* v. *Wong,* 47 Haw. 361, 389 P.2d 439 (1964).

The case of *Territory v. Shito, supra,* discusses a pre-indictment delay of approximately 1 year and 9 months following a summary commitment. The delay there was found to be subject to but not to violate the constitutional right to a speedy trial. This holding is not in conflict with our decision today as the defendant was very definitely "an accused" before his indictment.

*State v. Wong, supra,* involved a defendant who was alleged to have committed a murder while an escapee from

prison. Following capture and indictment he was adjudged incompetent to stand trial and placed under the psychiatric care of the State Hospital. The escape charge and murder charge both ended in nolle prosequis. Four years later the defendant was discharged from psychiatric care. Reindictment in the murder charge followed. Defendant Wong moved for dismissal on speedy trial and due process grounds. The court held that the constitutional right to a speedy trial was not applicable to the period between termination of the first murder prosecution by the nolle prosequi and the subsequent prosecution for the same offense. ". . . [T]he cited provisions [right to a speedy trial] have no application to delay occurring when there is no pending prosecution." 47 Haw. at 387.

In the *Marion* case the due process clause of the United States Constitution was held to require dismissal of an indictment if it were shown at trial that the preindictment delay had caused substantial prejudice to a defendant's right to a fair trial and that the delay was a purposeful device to gain tactical advantage over the accused. The facts of the cases before us today do not require so far reaching a decision. We hold that an evidentiary hearing is required to establish prejudice and that none of the defendants having such a hearing below have demonstrated prejudice resulting in a deprivation of due process of law. Not every showing of actual prejudice would necessarily mean a dismissal in every case. Even a short delay may result in some damage to a defendant's ability to defend himself in any case.

In the cases of *State v. Granito* and *State v. Egge*, no testimony or evidence was presented to the circuit court. The circumstances of each case must be weighed individually. It is premature to speculate as to possible prejudice in the absence of an evidentiary hearing.

In both *State v. Bryson* and *State v. Bannister* testimony was taken from the undercover officer and a defendant. Defendant Bowman testified that he had difficulty in recalling the meetings he had had with the undercover police officer. He claimed to be unable to support a defense of entrapment

due to his lapse of memory. The evidence of his memory loss is not sufficient to present a picture of such prejudice that dismissal of the indictment should be considered.

We also find the state's reason for delay in indictment justified. The desire of the state to continue the undercover police officer's effectiveness as an undercover agent in order to work toward reaching larger supplies or dealers of contraband narcotics is a legitimate state purpose. A delay of seven and one-half months under these circumstances is not a violation of due process.

As no testimony was taken as to prejudice to defendant Bannister, a full hearing will be necessary before the circuit court.

In the case of defendant Bryson, a claim of prejudice was made due to memory loss and disappearance of witnesses. We do not believe that Mr. Bryson has shown a good faith attempt to locate the witnesses he feels are necessary for his defense. This factor, coupled with the state's justifiable reason for delay in indictment, must result in the denial of the claim of prejudice to the defendant Bryson. There is one month longer period of delay in defendant Bryson's case, than in defendant Bowman's case, but this is not sufficient reason for any different treatment of the two defendants.

It is true that a narcotics case may present a picture of prejudice in a shorter period of time than a case where a longer period has passed before indictment for a more complicated crime. Some courts in narcotics cases have been rightly concerned where there have been very limited encounters between the undercover agent and the defendant and the undercover agent could not remember details of the transaction without the aid of his notebook. *Ross v. United States*, 349 F.2d 210 (D.C. Cir. 1965); *Bey v. United States*, 350 F.2d 467 (D.C. Cir. 1965). Both of these factors should be considered but we do not believe they require findings of prejudice which result in deprivation of due process of law in the cases before the court today.

We find that the discussion offered by the court in *Powell v. United States,* 352 F.2d 705 (D.C. Cir. 1965) most nearly conforms to our thinking when they state that "use of undercover agents is a necessary and accepted police practice, and the interest of the government in keeping an agent's identity secret for a reasonable period is a legitimate basis for delaying the arrest of an individual wrongdoer while the agent is continuing his covert investigation." 352 F.2d at 708. Mere proof of delay due to undercover police operations is hardly sufficient to show prejudice warranting dismissal of a narcotics indictment.

Reversed and remanded for additional proceedings consistent with this opinion.

*Lawrence S. Grean,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with him on the briefs), for appellant.

*James Blanchfield,* Deputy Public Defender, for appellees.