STATE OF HAWAII, Plaintiff-Appellant, *v.*
ROBERT E. ALMEIDA, Defendant, and
GEORGE H. MADEIRA, Defendant-Appellee

No. 5265

May 1, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

The State of Hawaii appeals from an order of the trial court granting the defendant's pre-trial motion to dismiss the indictment for several drug offenses.

## FACTS

On March 7, 1971, George H. Madeira (defendant-appellee) and Robert E. Almeida (Almeida) were ar-

rested and charged with three offenses: possession of narcotic drug, possession of harmful drug, and possession of narcotic drug with intent to sell the same.

At a preliminary hearing on the above-alleged offenses on March 15, 1971, defendant-appellee was discharged and released.

On April 14, 1971, however, a grand jury returned an indictment against the defendant-appellee and Almeida for the same three offenses. A bench warrant of arrest was then issued and though Almeida was served promptly the defendant-appellee was not actually served until November 10, 1971, seven months later. On the same day the defendant-appellee was released on his own recognizance.

On November 11, 1971, the defendant-appellee appeared and entered a plea of not guilty. Five days later the defendant-appellee filed a motion, supported with a personal affidavit, to dismiss the indictment against him, alleging that he had been denied his constitutional right to a speedy trial. At the hearing on the motion on January 13, 1972, the defendant-appellee introduced into evidence the transcripts of the defendant-appellee's preliminary hearing of March 15, 1971, and a copy of an order of defendant-appellee's discharge pursuant to the preliminary hearing. On January 19, 1972, the court entered a written order granting the defendant-appellee's motion, from which the State appeals to this court.

In his motion to dismiss the defendant-appellee stated:

that there was unnecessary delay by the government of approximately seven months between the date of the indictment (April 14, 1971) and the date of the subsequent arrest (November 10, 1971) in violation of defendant's right to speedy trial and due process of law under the 6th and 14th Amendments of the United States Constitution, and Article 1, Section 4 and Section 11 of the Hawaii Constitution and Hawaii Revised Statutes, Section 711-6.

In his affidavit the defendant-appellee made the following representations:

1. That he was arrested on March 7, 1971, for the alleged offenses, and after a preliminary hearing on March 15, 1971, the charges against him were dismissed;

2. That his co-defendant, Robert E. Almeida, after a preliminary hearing, was bound over to the circuit court;

3. That he was never informed, contacted, or approached with regard to the indictment until he was arrested on the morning of November 10, 1971;

4. That at all times since March 7, 1971, he has resided within the City and County of Honolulu and was totally available to anyone who wished to talk to him;

5. That he has never attempted to evade service of process;

6. That his attorney, the bondsman who posted his initial bail, the Adult Probation and District Court of Honolulu all had his address and phone number;

7. That his co-defendant had already had a motion to suppress heard and the failure of the State to inform him of the pendency of any charges against him had prevented him from participating in said motion to suppress;

8. That the actions of the State in holding these criminal charges outstanding against him for eight months had substantially adversely affected his ability to present a defense thereto and had grievously affected his personal business and financial condition;

9. That his own memory of names, times and places relative to March 7, 1971, was substantially dimmer than it would have been had he been informed of the charges in April or May rather than in November of 1971.

At the hearing on the motion to dismiss the prosecution failed to give any explanation for the delay in serving the bench warrant.

## SPEEDY TRIAL

There is no question that the Sixth Amendment right to speedy trial is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern incident to public accusation and to limit the potential impairment of the ability of an accused to defend himself. *United States* v. *Marion,* 404 U.S. 307 (1971). The right to speedy trial arises only when a person becomes an "accused".[1] We have interpreted "accused" to mean the point at which either a formal indictment or information has been returned against a person or when he becomes subject to actual restraints on his liberty imposed by arrest, whichever first occurs. *State* v. *Bryson,* 53 Haw. 652, 655, 500 P.2d 1171, 1173 (1972).[2] Thus, generally it is only subsequent to accusation that the Sixth Amendment of the United States Constitution and Article I, Section 11 of the Hawaii Constitution require an early disposition of the charges levied against an accused.[3]

[1]The Sixth Amendment of the United States Constitution expressly provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial". See also Marion, *supra* at 313.

Article I, Section 11 of the Constitution of the State of Hawaii provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the district wherein the crime shall have been committed, which district shall have been previously ascertained by law, or of such other district to which the prosecution may be removed with the consent of the accused; to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in, his favor; and to have the assistance of counsel for his defense.

[2]Both counsel in this case are mistaken with regard to the basis of our recent holding in *Bryson* where we held that an evidentiary hearing to show prejudice was required. There, relief for pre-accusatory delay was not predicated on the Sixth Amendment right to a speedy trial but upon the due process clause of the Fifth Amendment. The pre-accusatory rules of *Bryson* are not applicable as this case involves a post indictment delay.

[3]*But see* Justice Brennan's concurring opinion in Dickey v. Florida, 398

This court deems it unwise to set a specific time period arbitrarily within which an accused must be brought to trial. In *Barker* v. *Wingo,* 407 U.S. 514, 530 (1972), the United States Supreme Court promulgated a balancing test applicable to defendant-appellee's claim that his right to speedy trial was denied. The court stated at 530-31:

> A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. . . .

> Closely related to length of delay is the reason the government assigns to justify the delay. . . .

At page 533, the court further stated:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. . . .

In the case herein the State argues that the affidavit of defendant-appellee submitted with his motion to

U.S. 30, 44-47 (1970) as to delay prior to arrest; also see *The Right to a Speedy Trial,* 20 Stan. L. Rev. 476, 485-93 (Feb., 1968).

dismiss the indictment was insufficient to raise a prima facie case, and thus the burden did not shift to the State to show justification for the alleged post indictment delay.

We agree with the State that the burden of going forward with the motion should be upon the movant to show a prima facie case showing that he is entitled to dismissal. Rule 47 of the Hawaii Rules of Criminal Procedure permits motions to be supported by affidavit. *See also* HRCrP 12 (b) (4) .

We are of the opinion that the delay which occurred herein is "presumptively prejudicial", necessitating an inquiry by this court into the other factors that go into the balancing test to determine whether defendant-appellee has established a prima facie case of denial of his right to speedy trial entitling him to dismissal of the charges against him.

The instant case involves a delay of seven months between indictment and service of the bench warrant of arrest upon the defendant-appellee. There is no question that the defendant-appellee once informed of the indictment against him, immediately asserted his right to speedy trial.

Prejudice to the defendant-appellee should be considered in light of those interests of the defendants which the right to speedy trial was designed to safeguard. In *Barker, supra* at 532, the court identified three such interests:

> (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, *the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. . . .* (Emphasis added.)

We are of the opinion that the defendant-appellee has shown substantial prejudice to the preparation of his

defense. Basic to this is the fact that, though defendant-appellee was indicted on April 14, 1971, he did not become aware of such charges against him until he was arrested pursuant to the said indictment on November 10, 1971—seven months later.

Though the defendant-appellee was not incarcerated for this period, after being discharged at the preliminary hearing of March 15, 1971, he was obviously of no mind to forge ahead to prepare a defense to the charges against him. Thus, having no reason to remember particular facts, defendant-appellee alleged by affidavit that his memory of names, times and places had been substantially dimmed by the State's delay.

Though we recognize that defendant-appellee was not oppressively incarcerated and did not suffer anxiety caused by public charge, we conclude that the defendant-appellee has shown substantial prejudice to the adequate preparation of his defense.

In light of the State's silence regarding *any* reason for the seven-month delay, the prejudice to the defendant-appellee's preparation of his case, and the other circumstances of this case, we believe that the defendant-appellee has clearly established a prima facie case of denial of his right to speedy trial entitling him to a dismissal of the charges in the instant case. The record shows that the State failed to adduce any evidence rebutting defendant-appellee's case.

Affirmed.

*Douglas L. Halsted,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, of counsel) for plaintiff-appellant.

*David L. Turk* (*David C. Schutter* of counsel) for defendant-appellee.