The State of Ohio *v.* Cornell.

(No. CR-3237—Decided April 10, 1975.)

Common Pleas Court of Cuyahoga County.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Ralph DeFranco,* for state of Ohio.

*Mr. Michael C. Hennenberg,* for defendant, Robert Cornell.

Fink, J.  The issue raised in the defendant's motion to dismiss is whether the defendant has been denied his rights to due process of law and a speedy trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and Section 10, Article I of the Ohio Constitution, by reason of the state's failure to secure his arrest until some 35 months after the date of indictment, although defendant during this entire period of time was working and living in this area, was listed in the telephone book, and was always available although never notified of a pending indictment and was never a fugitive.

On February 8, 1972, the defendant was indicted by the Cuyahoga County Grand Jury.  Prior to being indicted he

had, on or about January 10, 1972, been arrested by the Cleveland Police Department for the same crime for which he was indicted. Prior to the indictment the defendant appeared twice before the Cleveland Municipal Court without counsel regarding this matter. On February 17, 1972, appearing for the third time before the court without counsel the defendant was informed that the charges against him had been dismissed. The defendant was not informed by the court that the reason for dismissal in the municipal court was that he had been indicted by the County Grand Jury. The defendant received no notice of the indictment until December 4, 1974 (35 months later), the date of his arrest.

The defendant has shown clearly to this court's satisfaction that from the date of indictment to the date of arrest, a period of over 35 months, the defendant was at all times openly and notoriously living and working in this community and in no way secreting himself from the police. He was listed in the telephone book, and registered with the Police Department as a private policeman. The defendant was filing and paying taxes and had an automobile register-er in his name and address. In 1973, the defendant became a duly licensed private policeman. He was employed in that capacity until December 4, 1974, the date of his arrest. He was arrested after he presented himself to the Cleveland Police Department for the purpose of renewing his private police license. After a routine check by the police revealed an outstanding indictment, he was arrested. Through reasonable diligence, therefore, it is apparent that the police could have arrested the defendant at any time during that 35-month period.

The Sixth Amendment to the Constitution of the United States provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Sixth Amendment is made applicable to the states by the Fourteenth Amendment. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213. Section 10, Article I of the Constitution of Ohio also guarantees an accused person the right to a speedy trial.

It has been held, however, that such a right must be claimed by the accused or it can be said to be waived. *State v. Cunningham*, 171 Ohio St. 54; *Crider v. Maxwell, Warden*, 174 Ohio St. 190; *Partsch v. Haskins*, 175 Ohio St. 139. The defendant finds himself in an awkward situation in that regard. For over 35 months he was an "accused" as that term is used in the constitutional provisions. As such he was entitled to a speedy trial. Being unaware that he was an accused during that period of time he was unable to claim that right. Should he now be precluded from asserting those rights for his failure to claim them during the period of delay? The case of *State v. Meeker*, 26 Ohio St. 2d 9, provides authority for the proposition that he is not so precluded. At page 18 in that case it is stated:

"It would appear that a person who is not in a position to demand a speedy trial could not be considered to have waived his rights to a speedy trial by failure to make such a demand. *State v. Johnson, supra* (275 N. C. 264); *State v. Miltner* (Com. Pleas, Montgomery County, 1958), 78 Ohio Law Abs. 285, 149 N. E. 2d 189."

The defendant, therefore, has not waived the right. Because he was unaware of the indictment he was not in a position to make a demand for a speedy trial.

Having determined that the defendant may now assert his right to a speedy trial it must be determined what the consequence of any failure by the prosecution to provide such may be. The defendant has asked that the charges against him be dismissed. Other cases have held that upon such a failure by the prosecution, a motion to quash the indictment should be sustained. *State v. Meeker, supra*. Dismissal of the charges against a defendant who has been denied his right to a speedy trial is consistent with that precedent. *State v. Stapleton*, 41 Ohio App. 2d 219.

The General Assembly has enacted various specific provisions implementing the constitutional right to a speedy trial. R. C. 2945.71 regulates the maximum time limits for trial where the accused is in custody. R. C. 2945.72 deals with the situation where the accused has been released on bail. There is no legislative provision, however, for the

situation in this case. Resort must be taken to the case law to determine applicable standards.

No arbitrary specific time periods have been set within which an accused must be brought to trial in cases such as this. In place of such time periods a balancing test has been suggested and applied by various courts. *Barker* v. *Wingo*, 407 U. S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *Jones* v. *Superior Court of Los Angeles County*, 478 P. 2d 10; *State* v. *Almeida*, 509 P. 2d 549; *People* v. *Lopez*, 342 N. Y. S. 2d 984. In *Barker* v. *Wingo*, the United States Supreme Court described the test, to which this court ascribes, as follows (407 U. S. 514, at 530-531) :

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to a speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case * * *."

This court, in applying the test to this case, is of the opinion that:

The length of the delay, a period of over 35 months, is "presumptively prejudicial." Being under the impression that the charge against him was dismissed, the defendant has been denied the opportunity to prepare a defense to that charge. The length of time which has elapsed since the alleged incident occurred has so hindered the defendant and any witnesses he might have in their memory of names, times, and places that he can now prepare no adequate defense. Compare this factual situation to that in *State* v.

*Almeida, supra,* where the delay was seven months and found to be excessive.

The reason for the delay has not been adequately explained. As has been discussed, supra, through reasonable diligence the police could have secured the arrest of the defendant at any time during the 35-month period.

As has also been discussed, supra, the necessity of assertion of his right to a speedy trial by the defendant has been met.

With regard to the issue of prejudice to the defendant, it should be noted that the United States Supreme Court in *Barker* v. *Wingo, supra,* determined that aspect to be of prime importance. In discussing the interest of the defendant which the right to a speedy trial was designed to safeguard, the court identified, at page 532, three such interests as follows:

(i) to prevent oppressive pretrial incarceration;

(ii) to minimize anxiety and concern of the accused; and

(iii) to limit the possibility that the defense will be impaired.

Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system * * *.

Having thus applied the balancing test of *Barker* v. *Wingo, supra,* to the facts of this case, it is the opinion of this Court that the defendant has been denied his constitutional right to a speedy trial. It is the order of this court, therefore, that the indictment against this defendant be and is hereby dismissed with prejudice.

*Indictment dismissed.*