STATE OF HAWAII, Plaintiff-Appellee *v.* KENNETH
ALLAN SMITH, Defendant-Appellant

NO. 6342

AUGUST 21, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* This appeal again presents for our considera-
tion and decision the same two legal issues which were raised
and decided this day in *State v. Smith,* 59 Haw. 456, 583
P.2d 337 (1978), by the same defendant-appellant, Ken-
neth Allan Smith (hereinafter appellant). These issues are
whether his conviction for escape in the second degree should
be reversed because the family court erred in waiving juris-
diction over appellant and, whether, even if the family court
could have waived jurisdiction, the conviction must be re-
versed because appellant was deprived of his right to a
speedy trial.

We refer to *State v. Smith, supra,* which is concerned
with the prior escape by appellant on November 3, 1974, from
the Hawaii Youth Correctional Facility (HYCF) where he had
been confined by the family court. The alleged escape in the
instant case occurred about two weeks later on November 16,
1974, when the appellant left the HYCF without any permis-
sion to do so. He was returned to the facility after he was
captured by the police the next day. The escape in the prior
case occurred when the appellant left the facility on a day
pass and intentionally failed to return to the facility for eight
and one-half hours after the designated expiration of the
leave. Although the manner in which each of these escapes
were perpetrated by the appellant was not identical, we are
given to understand that the issue as to whether the family
court could have waived its jurisdiction over appellant under

HRS § 571-22(a) (1976 Repl.) is the same in both cases.

These issues are adequately discussed in parts III and IV of the opinion in *State v. Smith, supra.* We consider appellant's argument that the family court was without authority to waive its jurisdiction over appellant under HRS § 571-22(a) (1976 Repl.) rather ingenious but without merit. Therefore, the family court did not err in its exercise of the discretion in granting its waiver of jurisdiction over appellant. Further, while the instant case required three additional months for disposition by trial than the prior case, we do not consider the length of time to be an unnecessary delay under the circumstances in view of the record. The trial court properly denied appellant's motion to dismiss the indictment on the ground that he was denied his right to a speedy trial.

Affirmed.