STATE OF HAWAII, Plaintiff-Appellee, *v.* KENNETH ALLAN SMITH, Defendant-Appellant

NO. 6136

SEPTEMBER 13, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

On January 10, 1976, defendant-appellant Kenneth Allan Smith (hereinafter "appellant") was convicted by a jury of five counts of robbery in the first degree for violation of

Section 708-840 of the Hawaii Penal Code.[1] He appeals from the judgment entered by the First Circuit Court on February 18, 1976, which sentenced him to the custody of the Director of Social Services and Housing for imprisonment in the Hawaii State Prison for four years as to each of such counts. We reverse. Although appellant advances eight grounds for reversal of his conviction, the only issue which merits our consideration is whether the expert testimony offered by appellant was properly ruled irrelevant.[2]

On August 13, 1975, the grand jury returned an indictment charging appellant with two counts of escape in the second degree, one count of theft in the first degree and six counts of robbery in the first degree. The court below granted a separate trial for each of the escape charges. Appellant was found guilty of each escape in the second degree and these convictions were affirmed upon appeal in *State v. Smith,* 59 Haw. 456, 583 P.2d 337 (1978), and *State v. Smith,* 59 Haw. 470, 583 P.2d 346 (1978).

On January 27, 1975, appellant was taken from the Hawaii Youth Correctional Facility (HYCF)[3] to the Honolulu Police

---

[1] This section of the Hawaii Penal Code has been codified and is now HRS § 708-840 (1976).

[2] The appeal also challenges, on constitutional grounds, the admissibility of inculpatory statements obtained from the appellant while in police custody and the failure of the trial court to dismiss the indictment for lack of speedy trial. We have considered the facts and the law applicable to these issues and find them to be *without merit, or at most, the errors were constitutionally harmless beyond a reasonable doubt.*

[3] Appellant, then a minor and resident of HYCF, was arrested on January 27, 1975, for an alleged robbery. On April 14, 1975, a petition was filed in the family court to waive its jurisdiction over appellant under HRS § 571-22(a)(1976) which was granted on June 27, 1975. He was indicted on August 13, 1975, and prosecuted in January 1976. *See State v. Smith,* 59 Haw. at 456, 583 P.2d at 337. The right to speedy trial attaches after a person becomes an "accused," which means that he must in some way be charged or detained. *State v. Almeida,* 54 Haw. 443, 509 P.2d 549 (1973); *State v. Bryson,* 53 Haw. 652, 500 P.2d 1171 (1972). There is no constitutional basis for holding that the right to a speedy trial can be quantified into a specific number of days or months and thus, time lapse alone is only the touchstone calling for a balance of all other factors. *State v. Smith, supra, State v. Almeida,* 54 Haw. at 447, 509 P.2d at 551-552. In the instant case, the government did not deliberately delay the institution of the indictment or the commencement of the trial for tactical advantage, the appellant did not timely assert his right and no prejudice resulted by reason of that delay.

Department and questioned about an alleged robbery. During the interrogation, the appellant allegedly confessed.

Before trial appellant made a Motion to Suppress his confession which was denied. During the hearing on the Motion to Suppress to determine the voluntariness of the confession, HRS § 621-26 (1976), which took place in the absence of the jury, both appellant and John Garguilo testified that the appellant had taken LSD prior to the time he was picked up at the HYCF and Dr. Larry Severson testified that the general effects of LSD on human beings included altered thought processes and inversion of one's normal reality. Officer Au, who interrogated and took the oral confession from the appellant testified that the appellant had appeared "normal." The trial court ruled that the confession was voluntary and admissible in evidence for the consideration of the jury. The testimony in support of the voluntariness of the confession, the confession itself and the signed waiver of rights form all support the conclusion of the trial judge and the exercise of the court's discretion is not in issue.

At trial, the court permitted Garguilo to testify before the jury that the appellant had taken LSD prior to being taken into custody for questioning. Appellant's attempt to introduce the doctor's testimony before the jury was rejected by the court. Appellant made an offer of proof regarding the doctor's testimony by incorporating his testimony given in the motion to suppress hearing. The trial court ruled that the medical testimony was inadmissible based on a broad finding that it was irrelevant.

No precise test of relevancy is furnished by the law. All relevant evidence is admissible unless some rule compels its exclusion. Evidence is relevant if it tends to prove a fact in controversy or renders a matter in issue more or less probable. *State v. Irebaria*, 55 Haw. 353, 519 P.2d 1246 (1974); *Territory v. Henry*, 39 Haw. 296 (1952); *Bonacon v. Wax*, 37 Haw. 57, *reh. den.* 37 Haw. 106 (1945); *State v. Gagnon*, 383 A.2d 25 (Me. 1978); *People v. Arabadjis*, 403 N.Y.S.2d 674 (Sup. 1978); *State v. Ward*, 172 Conn. 163, 374 A.2d 168 (1976); *State v. Lee*, 87 Wash.2d 932, 558 P.2d 236 (1976). Our laws give a criminal defendant the right to introduce evidence

of those relevant and material facts which logically tend to prove the issues involved and which is not otherwise excluded. As this court stated in *Bonacon v. Wax,* 37 Haw. at 61, *quoted with approval in State v. Irebaria,* 55 Haw. at 356, 519 P.2d at 1248:

> The test of admissibility is not one of absolute proof of an ultimate fact in controversy but involves the question of relevancy of proof, relevancy not being dependent upon the conclusiveness of the testimony offered, but upon its legitimate tendency to establish a controverted fact.

Dr. Severson's testimony was offered for the jury's consideration so that the jury could determine for itself whether or not it was a voluntary confession. If the jury concludes the confession was not made voluntarily, it must disregard the same; otherwise it is required to give the confession such weight as the jury shall deem it deserves. *See Territory v. Young and Nozawa,* 37 Haw. 189, 193 (1945); *State v. Demourelle,* 332 So.2d 752, 754 (La. 1976). It is well-established that an accused is entitled to offer evidence before the jury as to whether the confession was freely and voluntarily given despite the trial court's earlier findings to the contrary. *State v. Shon,* 47 Haw. 158, 385 P.2d 830 (1963); *State v. Foster,* 44 Haw. 403, 354 P.2d 960 (1960); *Territory v. Young and Nozawa,* 37 Haw. at 193; *State v. Jenkins,* 292 N.C. 179, 232 S.E.2d 648 (1977); *Commonwealth v. Cunningham,* 471 Pa. 577, 370 A.2d 1172 (1977); *United States v. Inman,* 352 F.2d 954 (4th Cir. 1965). After all, the "ultimate determination of the voluntary character of a confession is for the jury." *State v. Evans,* 45 Haw. 622, 636, 372 P.2d 365, 374, *Quoted with approval in State v. Shon,* 47 Haw. at 167, 385 P.2d at 836; *State v. Foster,* 44 Haw. at 419, 354 P.2d at 969.

In this case, the trial court permitted the appellant to familiarize the jury with the circumstances attending the taking of his confession by allowing Garguilo to testify but disallowed Dr. Severson's medical testimony as irrelevant. The State argues that the expert testimony was properly ruled irrelevant because the doctor could not, without knowledge of the quantity, strength or dosage of the LSD, state its actual effect on the appellant. There was, however, proof of actual

drug influence (Garguilo's testimony) and the proffered medical evidence was relevant to the issue of whether the appellant's use of LSD would have caused an impairment of his mental processes or rendered him incapable of knowing the purpose and consequence of his confession. That there was no chemical analysis of the LSD or a diagnosis of the appellant merely goes to the weight to be attached to the testimony, not to its admissibility. *See Felker v. State,* 144 Ga.App. 458, 241 S.E.2d 576, 577 (1978); *Edwards v. State,* 540 S.W.2d 641, 647 (Tenn. 1976), *cert. den.* 429 U.S. 1061 (1977).

Allowance or disallowance of the testimony of an expert witness is addressed to the sound discretion of the trial court and the exercise of that discretion will not be disturbed on appeal unless such ruling is clearly erroneous or there has been a clear abuse of discretion. *State v. Murphy,* 59 Haw. 1, 575 P.2d 448 (1978); *State v. Wanrow,* 14 Wash.App. 115, 538 P.2d 849, *aff'd* 88 Wash.2d 221, 559 P.2d 548 (1977); *Smith v. State,* 564 P.2d 1194 (Wyo. 1977); *Salem v. United States Lines Co.,* 370 U.S. 31 (1962); *United States v. Green,* 548 F.2d 1261 (6th Cir. 1977); *United States v. Cyphers,* 553 F.2d 1064 (7th Cir. 1977), *cert. den.* 431 U.S. 972 (1977). To warrant the use of expert testimony two elements are required: first, the subject matter of the inquiry must be of such a character that only persons of skill, education or experience in it are capable of forming a correct judgment as to any facts connected therewith and second, the testimony must be of a nature to aid the jury. *United States v. Navarro-Varelas,* 541 F.2d 1331 (9th Cir. 1976), *cert. den.* 429 U.S. 1045 (1977); *United States v. Amaral,* 488 F.2d 1148 (9th Cir. 1973); *Smith v. State,* 564 P.2d at 1199; McCormick, Evidence § 13 (2d ed. 1972). It is true, however, that before opinion testimony can be received sufficient data must appear upon which an expert judgment can be made and if absent the opinion is incompetent. *Kawamoto v. Yasutake,* 49 Haw. 42, 410 P.2d 976 (1966); *People v. Miller,* 57 A.D.2d 668, 393 N.Y.S.2d 679 (App. Div.N.Y. 1977); *Johnson v. State,* 314 So.2d 248 (Dist. Ct.App. Fla. 1975); *People v. Graham,* 25 Ill.App.3d 853, 323 N.E.2d 441 (1975). The physiological effect of LSD is a matter of technical medical knowledge beyond the ken of the

average juror and the doctor's testimony would have enabled the jurors to draw correct conclusions, if they so chose, from the proof in the case that the appellant had taken LSD prior to being transported to the police department for questioning. *See State v. Hill,* 294 N.C. 320, 240 S.E.2d 794, 802 (1978); *Layton v. State,* 261 Ind. 251, 301 N.E.2d 633, 635 (1973).

In *State v. Hill, supra,* the defendant-appellant assigned as error the overruling of his objection to generalized opinion testimony by an expert. The court said that "such general opinions of fact are a proper subject for expert testimony so long as they are relevant and tend to lay the foundation for, explicate or justify that expert's opinion regarding the particular facts of the case." Dr. Severson's testimony would have served the same purpose by establishing the general effect of LSD on a person's perception of reality and on motor coordination.

In *Layton v. State, supra,* the defendant-appellant contended that his confession was involuntary because he was under the influence of drugs at the time it was made. The court noted that the appellant presented no evidence as to the medical nature of the drugs and that there was no evidence from which one could conclude that if taken they were of the kind or amount that would possibly produce an involuntary confession. Similarly, in *Damrell v. State,* 352 N.E.2d 855 (Ct.App.Ind. 1976), the court pointed out that "[w]hen a movant challenges the voluntariness of his confession alleging that he was under the influence of drugs, he must adduce testimony as to the nature of the drugs." Unlike the appellants in *Layton* and *Damrell* however, the appellant herein attempted to introduce evidence establishing the nature of the drug as relevant to the issue of voluntariness of the confession.

Under the record in this case we hold that the trial court abused its discretion in disallowing the testimony of the expert witness which was relevant to the issue of the voluntariness of the defendant's alleged confession. As pointed out in appellant's brief, the confession is the only evidence linking him to the robbery in question. This court has mandated that "the right of an accused to be convicted only upon proof by

the prosecution of all of the elements of the crime charged against him beyond a reasonable doubt is a constitutionally-protected right." *State v. Napeahi,* 57 Haw. 365, 372, 556 P.2d 569 (1976); *State v. Cuevas,* 53 Haw. 110, 114-115, 488 P.2d 322 (1971). A constitutional error will not be held harmless if there is a reasonable possibility that the error might have contributed to the conviction. Had the medical testimony been admitted, the result might have been different; therefore the error is prejudicial, warranting a second trial.[4] *State v. Napeahi,* 57 Haw. at 373, 556 P.2d at 574-575; *State v. Pokini,* 55 Haw. 640, 645-646, 526 P.2d 94 (1974); *State v. Kahinu,* 53 Haw. 536, 550, 498 P.2d 635 (1972), *cert. den.* 409 U.S. 1126 (1974); *Bonacon v. Wax,* 37 Haw. at 63.

Reversed and remanded for a new trial not inconsistent with this opinion.

*Ronald M. Yonemoto,* Deputy Public Defender, for Defendant-Appellant.

*J. Leo McCormick, Jr.,* Deputy Prosecuting Attorney *(Francis Yamashita,* Deputy Prosecuting Attorney, on the brief), for Plaintiff-Appellee.

---

[4] H.R.Cr.P. 52(a), which was in effect until December 31, 1976, provided that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." H.R.P.P. 52(a) and HRS § 601-16 (1976) are to the same effect.