## CITY OF BOWLING GREEN v. DICKINSON.

(No. 84-CR-B-234—Decided November 5, 1984.)

Bowling Green Municipal Court.

*William Hayes,* special court-appointed prosecutor, for plaintiff.
*Norman J. Geer,* for defendant.

BACHMAN, J. The defendant, Derek Dickinson, is charged with assault. The charge, apparently, arises out of the following incident during a baseball game between Bowling Green and Springfield.

The complainant was an umpire; the defendant, father of the Bowling Green pitcher, was a spectator. In the last inning, the complainant ejected three Bowling Green players and their coach, called out a Bowling Green substitute batter who had failed to report in, and—when the Bowling Green team came onto the field—forfeited the game to Springfield. The defendant followed the complainant into the Springfield dugout. Thereafter, according to the complainant, but denied by the defendant, the defendant pushed the complainant's head into the dugout wall and jammed a finger into his eye.

The offense is alleged to have occurred on June 1, 1982; the complaint was filed on March 30, 1984. This is a period of twenty-two months. Of that twenty-two-month time period, there was (i) a one-month period when the complainant did not know the defendant's name, followed by (ii) a twelve-month period when there were contacts between the complainant's private attorney and the defendant's private attorney, in an attempt to resolve the problem through some form of settlement, followed by (iii) a nine-month period when the matter was being investigated by different prosecutors.

In the meantime, the civil one-year statute of limitations had expired. The complainant thereafter could not file a civil suit to collect money damages for assault and battery. R.C. 2305.11. The criminal two-year statute of limitations would have soon expired. R.C. 2901.13 (A)(2).

The sole question is whether the defendant has been denied his right to a speedy trial.

On July 16, 1984, and again on October 31, 1984, the defendant moved to dismiss the charges against him for various reasons, including denials of his constitutional and statutory rights to a speedy trial. For the latter hearing, the court conducted oral arguments over the telephone.

The court finds no denial of the defendant's statutory rights to a speedy trial. It does find a denial of his constitutional rights to a speedy trial. As to those constitutional rights to speedy

trial, no specific time periods apply. Instead, each case must be decided on its own facts. There is necessarily conferred upon the trial court considerable discretion. 25 Ohio Jurisprudence 3d (1981) 506, Criminal Law, Section 284.

The Ohio Supreme Court has held that the constitutional guaranty of a speedy trial is applicable to unjustifiable delays in commencing prosecutions, as well as to unjustifiable delays thereafter. *Id.* at 505. Was there an unjustifiable delay in commencing this prosecution? This court finds there was.

In *Barker* v. *Wingo* (1972), 407 U.S. 514, the United States Supreme Court at 530-531 described a balancing test for courts to use, because the Supreme Court recognized that there are no specific constitutional time periods:

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to a speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."

Applying the test to the pending case, this court is of the opinion that:

1. *Length of delay.* The length of the delay, twenty-two months, is excessive and presumptively prejudicial. Compare the factual situations in: *State* v. *Cornell* (1975), 44 Ohio Misc. 29 [72 O.O.2d 428] (a thirty-five-month delay was excessive); *State* v. *Almeida* (1973), 54 Hawaii 443, 509 P. 2d 549 (a seven-month delay was excessive); *Ross* v. *United States* (C.A.D.C. 1965), 349 F.2d 210 (a seven-month delay was excessive); *State* v. *McClintick* (1970), 23 Ohio Misc. 194 [51 O.O.2d 298] (a three and one-half-month delay was not excessive); *State* v. *Bound* (1975), 43 Ohio App. 2d 44 [72 O.O.2d 197] (a nine-month delay between the alleged offense and the filing of the complaint, plus a fourteen-month delay thereafter before service of summons or arrest, was—according to the trial court—an excessive delay).

2. *Reason for the delay.* During the twenty-two months, the defendant was available for service of summons or arrest for all but the first month. No adequate reason is given for not commencing the prosecution during that time.

First, when the complainant abandoned the civil process and started the criminal process, by contacting a prosecutor, twelve months had elapsed. This was unduly long. Although the law encourages efforts in compromising civil claims, it can not excuse delays in commencing criminal prosecutions. A private citizen's pursuit of money damages or other relief is different from the public's vindication of criminal wrongs and the Constitution's protection of accused's rights. Secondly, although the reasons are unclear, nine months for various prosecutors to investigate a misdemeanor case is unduly long.

3. *Defendant's assertion of his right.* A defendant must claim his right to a speedy trial. But, for the first twenty-two months, no case was pending in which the defendant could assert that right. After the case was filed, he did so in a timely fashion.

4. *Prejudice to defendant.* With regard to prejudice to a defendant, *Barker* v. *Wingo, supra,* held at 532 that three interests were involved:

"(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. * * *"

Furthermore, it is not necessary that the defendant affirmatively show prejudice (as prejudice to the accused is only one of the factors for consideration). *Moore* v. *Arizona* (1973), 414 U.S. 25.

Lastly, according to *Wingo,* none of the factors is either a necessary or sufficient condition to the finding of deprivation of the right of speedy trial. "Rather," as stated in *Wingo,* "they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Id.* at 533.

The twenty-two-month delay, under the facts of this case, has prejudiced the defense.

Having thus applied the *Wingo* balancing test to the facts in this case, the court concludes that the defendant was denied his constitutional right to a speedy trial. The law's policy of deciding criminal cases on the merits must bow to the Ohio and federal Constitutions' mandates of trying those cases in a speedy manner. Under the circumstances of this case, the interests of the public and the alleged victim are subservient to the mandates of our Constitutions. This case must be dismissed.

*Case dismissed.*