STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MARTIN K. IOANE, Defendant-Appellant
No. 28649
Intermediate Court of Appeals of Hawaii.
December 12, 2008.
On the briefs:
James S. Tabe, Deputy Public Defender, for Defendant-Appellant.
Donn Fudo, Deputy Prosecuting Attorney, City & County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Defendant-Appellant Martin K. Ioane appeals from the Judgment of Conviction and Sentence entered on June 18, 2007 in the Circuit Court of the First Circuit (circuit court)[1] convicting him of Unlawful Methamphetamine Trafficking, in violation of Hawaii Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005).[2]
The charge stemmed from an incident on November 2, 2005, when Honolulu police officer Kapuanani Zuttermeister made an undercover purchase of methamphetamine from a man at Pokai Bay Beach Park. Zuttermeister testified at trial that the man identified himself to her as "Martin," and that she reviewed photographs in a police database "an hour or so" after the transaction and identified Ioane as the man who had sold her the methamphetamine. Ioane testified at trial that he did not sell methamphetamine to Zuttermeister and that he was not at Pokai Bay Beach Park on the day of the incident. A jury found Ioane guilty as charged.
On appeal, Ioane argues that: (1) the circuit court erred in admitting evidence regarding his familiarity with illegal drug activity and association with those who use illegal drugs and (2) the circuit court abused its discretion by refusing to provide the jury with his proposed jury instruction regarding eyewitness identification. He also contends that trial courts should be required to provide cautionary instructions where eyewitness testimony is a critical part of the prosecution's case.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ioane's points of error as follows:
(1) The circuit court did not err in allowing Ioane to be questioned by the deputy prosecuting attorney (DPA) regarding Ioane's observations of other persons using or selling methamphetamine prior to the incident in question. Even assuming arguendo that there was error, it was harmless or was waived.
Ioane's counsel objected at trial on the grounds of "relevance" when the DPA asked "would you mind saying [under] what circumstances you saw people using ice before?" The circuit court overruled the objection, and Ioane responded, "I seen friends. Friends use that." The DPA asked several follow-up questions without further objection.
The challenged testimony was relevant to "a matter in issue" in the case. State v. Smith, 59 Haw. 565, 567, 568 P.2d 347, 349 (1978), overruled on other grounds by State v. Kelekolio, 74 Haw. 479, 849 P.2d 58 (1993) (explaining that "[e]vidence is relevant if it tends to prove a fact in controversy or renders a matter in issue more or less probable"). The State was required to prove that Ioane "knowingly . . . distribute[d], or dispens[ed] . . . methamphetamine[.]" HRS § 712-1240.6. Ioane's familiarity with methamphetamine, obtained through his observations of others' use and distribution of it, tended to show that he knew that the substance he allegedly distributed to Zuttermeister was methamphetamine. Although Ioane notes that he defended this case on the basis that he was not the person who had sold the methamphetamine to Zuttermeister, rather than that he didn't know what the substance was, the State, nevertheless, still had the burden of proving knowledge. Thus, this testimony was relevant.
Ioane also argues that the evidence was inadmissible under Hawaii Rules of Evidence (HRE) Rule 403 because any probative value was outweighed by the danger of unfair prejudice. However, Ioane did not identify this ground as a basis for his objection at trial and thus, has waived it. State v. Vliet, 91 Hawai`i 288, 298-299, 983 P.2d 189, 199-200 (1999); HRE Rule 103(a)(1). Even if the objection were not waived, any error in the admission of this testimony was harmless. The testimony did not involve drug use or distribution by Ioane himself, but rather by others, which limited its prejudicial effect. The questions were limited in number and in scope. (3) Finally, there was substantial evidence against Ioane, most notably Zuttermeister's testimony that the man who sold her the drugs identified himself as "Martin" and she recognized Ioane in a photo within "an hour or so" of the incident.
(2) The circuit court did not err by refusing Ioane's proposed jury instruction regarding eyewitness identification.
In reviewing the circuit court's action, this court must examine "all aspects of the trial, including the opening statements, the cross-examination of prosecution witnesses, the arguments to the jury, and the general instructions given by the court, to determine whether the jury's attention was adequately drawn to the identification evidence." State v. Okumura, 78 Hawai`i 383, 405, 894 P.2d 80, 102 (1995).
Ioane's trial counsel suggested to the jury in his opening statement that this was a case of mistaken identity. Defense counsel cross-examined Zuttermeister at length regarding her identification of Ioane, and Zuttermeister admitted that she had failed to notice any tattoos on the person who sold her the methamphetamine. (4) Defense counsel argued the issue of identification extensively during his closing argument. The circuit court gave general instructions on judging witnesses' credibility and the prosecution's burden of proof, and specifically instructed the jury that:
The evidence has referred to a photograph of the defendant in the possession of police. The government has access to photographs of people from different sources and for different purposes. The fact that the police had the defendant's photograph does not mean that he committed any offense.
Considering all of these circumstances, we conclude that the jury's attention was adequately drawn to the identification issue, and that the jury was appropriately directed not to draw any adverse inference from the fact that police had a photograph of Ioane. Id. at 405, 894 P.2d at 102.
Finally, Ioane requests this court to adopt a rule that trial courts must give a "cautionary instruction" in any case "in which eyewitness identification is a critical part of the prosecution's case." However, we decline to do so since that rule would be contrary to well-established Hawai`i Supreme Court precedent. See id. at 404, 894 P2d at 101 ("The giving of special instructions on identification has been regarded as within the discretion of the trial judge or superfluous in the light of adequate general instructions.") (internal quotation marks and citations omitted).
Accordingly, the Judgment of Conviction and Sentence entered on June 18, 2007 in the Circuit Court of the First Circuit is hereby affirmed.
NOTES
[1] The Honorable David W. Lo presided.
[2] HRS § 712-1240.6 (Supp. 2005), which was repealed in 2006 after the incident at issue here occurred, stated in relevant part as follows:

Unlawful methamphetamine trafficking; penalties. (1) A person commits the offense of unlawful methamphetamine trafficking if the person knowingly manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense, one or more preparations, compounds, mixtures, or substances of methamphetamine, or any of its salts, isomers, and salts of isomers.
. . . .
(3) The manufacture, distribution, or dispensing of one or more preparations, compounds, mixtures, or substances of an aggregate weight of less than one-eighth ounce of methamphetamine, or any of its salts, isomers, and salts of isomers is a class B felony with a mandatory minimum prison term of three years[.]
We note that several of the DPA's questions emphasized Ioane's connection to the Waianae area. While Ioane's residence was relevant and admissible to the extent it established that he lived in vicinity of Pokai Bay, where the offense occurred, it would not be admissible for the purpose of suggesting that he was somehow more likely to commit a drug offense than if he resided in another part of the island. In our view, the DPA's questions did not cross the line into suggesting the latter inference.
At trial, Ioane testified that he had tattoos on his arm and shoulder.