# STEVEN ALLEN PYLE *v.* STATE OF MARYLAND

[No. 139, September Term, 1976.]

*Decided December 3, 1976.*

The cause was argued before MORTON, POWERS and MASON, JJ.

*Thomas J. Bollinger, Assigned Public Defender,* for appellant.

*Henry E. Dugan, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Wehland, State's Attorney for Howard County,* and *Dwight Thompson, Assistant State's Attorney for Howard County,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, Steven Allen Pyle, was convicted by a jury in the Circuit Court for Howard County of possession of a controlled dangerous substance and of carrying a concealed weapon. He was sentenced to a term of one year for the drug conviction and a consecutive term of three years for the concealed weapon conviction.

On appeal the appellant contends:

I. The trial judge erred in denying appellant's motion to dismiss for lack of a speedy trial.

II. The trial court erred in forcing the appellant to proceed on the motion to suppress after the appellant had shown his standing to object to the admission of the evidence against him.

III. The trial court erred in denying the appellant's motion to suppress the evidence as a result of an illegal search and seizure.

IV. The trial court erred in allowing the State to amend the carrying a concealed weapon charge over the objection of the appellant.

## I.

As to the appellant's contention that he was denied a speedy trial, the evidence discloses that he was arrested and incarcerated in the Howard County Jail on November 22, 1974. On December 23, 1974 the appellant appeared in the District Court of Howard County and prayed a jury trial. The Public Defender's Office filed its appearance and a motion for a speedy trial on behalf of the defendant on or about January 24, 1975. This motion, however, was filed in the district court and not in the circuit court where the appellant's case had been transferred. On June 26, 1975 the appellant filed a motion for removal which was denied on July 30, 1975. On November 5, 1975 the appellant's motion to dismiss the indictment for lack of a speedy trial was heard and denied. He was then tried and convicted on November 17, 1975.

In order to determine whether the appellant has been denied a speedy trial we must, in making our independent constitutional appraisal, engage in a four-factored balancing test as delineated by the Supreme Court in *Barker v. Wingo*, 407 U. S. 514. The four factors are: (1) the length of delay; (2) reason for the delay; (3) the defendant's assertion of right; (4) prejudice to the defendant.

### 1. Length of Delay

The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily depen.dent upon the peculiar circumstances of the case. *Barker v. Wingo*, 407 U. S. at 530-531.

The delay with which we are concerned, in determining if there is a necessity for an inquiry into the other factors, is from the date of the appellant's arrest, November 22, 1974, to the date of his trial, November 17, 1975. In *Epps v. State*, 276 Md. 96, the Court of Appeals held that a one year, fourteen day delay was sufficient to trigger the balancing process outlined in *Barker*. Consonant with this view is *Smith v. State*, 276 Md. 521, where a sixteen month delay was sufficient to enter into the balancing process. We are persuaded that the eleven month delay in this uncomplicated and run-of-the-mill case requires us to engage in the prescribed balancing test.

### 2. Reason For Delay

Closely related to length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. *Barker v. Wingo*, 407 U. S. at 531.

The principal reasons assigned by the State to justify the delay were the appellant's prayer for a jury trial and his motion for removal. There is, however, nothing in the record to suggest that the appellant would have been brought to trial at an earlier date had he not filed the prayer for a jury trial or the motion for removal. The fact of the matter is that after the appellant prayed a jury trial, the case was never set in for trial until November 5, 1975. It was then postponed at the request of the State until November 17, 1975. The way we view it, the State must be charged with the entire delay except the period from June 29, 1975, the date the appellant filed his motion for removal, to July 30, 1975, the date his motion was denied.

### 3. Assertion of Right

The nature of the speedy trial right does make it impossible to pinpoint a precise time in the process when the right must be asserted or waived, but that fact does not argue for placing the burden of protecting the right solely on defendants. A defendant has no duty to bring himself to trial, the State has that duty as well as the duty of insuring that the trial is consistent with due process. *Barker v. Wingo*, 407 U. S. at 527.

At the hearing on the motion to dismiss the indictment for denial of a speedy trial, a representative of the Public Defender's Office testified that on January 24, 1975 the appellant's application for appointed counsel was approved; that a Public Defender filed his appearance and a motion for a speedy trial on behalf of the defendant soon thereafter. This motion, however, was not perfected because it was erroneously filed in the district court instead of the circuit court.

### 4. Prejudice

Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has

identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U. S. at 532.

In *Moore v. Arizona*, 414 U. S. 25, 26-27, the Supreme Court stated:

Moreover, prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. Inordinate delay,

"wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' *United States v. Marion*, 404 U. S. 307. . . ."

In the present case, the appellant was confined to jail for approximately one year before being brought to trial. At the motion to dismiss the indictment for denial of speedy trial, the appellant testified that his pretrial incarceration not only created anxiety but financially ruined his automobile repair business.

### The Balancing

Having applied each of the four factors set forth in Barker, we conclude that the length of delay and reason for delay in bringing the appellant to trial militates against the State in the balancing process. We further conclude that although the assertion of the right to a speedy trial is a neutral circumstance, the factor of prejudice enures to the benefit of the appellant in the balancing process.

Under the circumstances we are persuaded that the appellant was denied his constitutional right to a speedy

trial. Therefore, as required by *Strunk v. United States*, 412 U. S. 434, we reverse and remand the case for dismissal of the indictment. In view of this holding, it is not necessary to consider the other issues raised by the appellant.

> *Judgments reversed.*
> *Case remanded for dismissal of charges.*
> *Costs to be paid by Howard County.*