# WILLIE FREDERICK BRADY *v.* STATE OF MARYLAND

[No. 71, September Term, 1979.]

*Decided June 23, 1980.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE and DAVIDSON, JJ.

*Michael R. Malloy, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In this criminal case involving an alleged denial of the constitutional right to a speedy trial, the defendant was unaware of the charge pending against him for most of the period of delay. Because of this circumstance, the Court of Special Appeals apparently did not employ the normal balancing test, weighing all of the various factors relevant to the trial delay. Instead, it held that, absent knowledge of the pending charge, a showing of actual prejudice resulting from the delay was necessary for a dismissal of the charge on speedy trial grounds. Because, in our view, this holding is in error, we shall reverse.

The defendant, Willie Frederick Brady, was arrested on June 7, 1977, near the scene of an apparent breaking and entering in Anne Arundel County. He was charged with breaking and entering and released on bail. On June 19, 1977, Brady received the following letter from the District Court, sitting in Anne Arundel County:

> "This is to advise you that the above charge(s) [Break & Enter] against you had been dismissed in the District Court. The State's Attorney's office in Annapolis has failed to comply as to whether this case would be tried in District Court or the Circuit Court . . . ."

Unknown to Brady, however, on August 22, 1977, he was indicted for the same offense by an Anne Arundel County grand jury. The arraignment was set for September 2, 1977,

and a notice of the indictment and a summons for the arraignment were sent to Brady's last known address. Both were returned undelivered. When Brady did not appear on the date set for the arraignment, a bench warrant was issued for his arrest.

Brady was held in the Baltimore City jail from November 1977 to May 29, 1978, on an unrelated charge.[1] On May 29, 1978, upon Brady's release from the Baltimore City jail, Anne Arundel County authorities, pursuant to a detainer that had been lodged against him, transported Brady to the Anne Arundel Detention Center. Brady was arraigned in the Circuit Court for Anne Arundel County on the breaking and entering charge on June 9, 1978; then, for the first time, he learned of the reason for the detainer; and at the arraignment he moved for a speedy trial. A trial date of July 25, 1978, was set. On July 14, 1978, Brady filed a motion to dismiss the indictment for lack of a speedy trial. When the case was called for trial on July 25, 1978, the State sought a postponement because one of its witnesses, a police officer, was absent. The trial court, over the defendant's objection, granted the postponement.

Brady was finally tried on August 8, 1978, was found guilty by the jury of breaking and entering, and was sentenced to one year's imprisonment. At that time, the trial court denied his motion to dismiss on speedy trial grounds because Brady had failed to show actual prejudice.

Brady appealed to the Court of Special Appeals, claiming a denial of the right to a speedy trial and raising three other issues as well. The intermediate appellate court affirmed the conviction in an unreported opinion. With regard to the speedy trial contention, the Court of Special Appeals initially stated that

> "we can find little, if any, justification or excuse for the delay. There is no evidence that the slightest attempt was made to notify appellant of his

---

1. Brady was being held in Baltimore City on a charge of larceny after trust. On January 5, 1978, he moved for a speedy trial on that charge. On May 29, 1978, he pleaded guilty to larceny after trust, was given a suspended sentence, and ordered to pay restitution.

indictment. Even the bench warrant issued by the court on September 2, 1977, presumably was ignored by everyone until 'placed in file' on May 17, 1978, without any effort expended to serve it or, as charged by it to 'have his body before the Circuit Court for Anne Arundel County' to answer for his failure to appear. Such seeming unconcern by the sheriff, who was admonished 'Hereof fail not at your peril . . . .', not only constituted a disregard of appellant's speedy trial rights, but appears, without any explanation, to be an affront to the court's order."

The appellate court then turned to the matter of prejudice, saying:

"We seek in vain for prejudice. That which is ordinarily presumed, . . . [citation omitted], becomes more elusive without awareness that a charge is pending."

After pointing out that there was no showing of actual prejudice from the delay, the court again indicated that it was "difficult" to presume prejudice when the defendant did not know of the charge. The Court of Special Appeals concluded by holding "that in the absence of knowledge of a pending charge, some actual prejudice must accompany the delay to compel a dismissal." This Court granted the defendant's petiton for a writ of certiorari which presented a single question as follows:

"Did the Court of Special Appeals err by holding that, where a defendant was not aware of a pending charge, actual prejudice must be proved to compel dismissal of the charge for denial of a speedy trial?"

The holding of the Court of Special Appeals made a single factor, the failure to show actual prejudice, absolutely determinative of the speedy trial issue in this case. The court seemed to say that when a defendant is unaware of the pending charge, a long delay is not presumptively prejudicial, thereby triggering the normal balancing

process. Instead, according to the court below, if the defendant is unaware of the charge, a showing of actual prejudice is a necessary condition for dismissal on speedy trial grounds. In our view, the Court of Special Appeals' approach is not supported by reason or authority. It is inconsistent with the speedy trial opinions in the Supreme Court and in this Court during the past several years. In addition, the specific holding of the intermediate appellate court is directly contrary to the cases throughout the country involving the circumstances of a defendant who is unaware of the pending charge.

*Barker v. Wingo,* 407 U.S. 514, 516, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), is, of course, the case which for the first time "set out the criteria by which the speedy trial right is to be judged." We have extensively reviewed the *Barker* opinion in several cases,[2] and thus shall only summarize it briefly here. The Supreme Court in *Barker* rejected the suggested "inflexible approaches," based on one or another single circumstance being controlling in deciding whether a defendant had been denied his Sixth Amendment right to a speedy trial, 407 U.S. at 529. Instead, the Court held that when the delay is of a sufficient length, it becomes "presumptively prejudicial," thereby triggering a "balancing test [which] necessarily compels courts to approach speedy trial cases on an *ad hoc* basis." *Id.* at 530. The Court identified four factors to be weighed, although indicating that these are only some of the factors and that others may be significant in particular cases.[3] They are the length of the delay, the reasons for the delay, the defendant's assertion of his speedy trial right, and the presence of actual prejudice to the defendant. *Id.* at 530-533. After discussing these four factors in some detail, the Supreme Court

---

**2.** Wilson v. State, 281 Md. 640, 382 A.2d 1053, *cert. denied,* 439 U.S. 839, 99 S. Ct. 126, 58 L. Ed. 2d 136 (1978); Jones v. State, 279 Md. 1, 367 A.2d 1 (1976), *cert. denied,* 431 U.S. 915, 97 S. Ct. 2177, 53 L. Ed. 2d 225 (1977); Erbe v. State, 276 Md. 541, 350 A.2d 640 (1976); Smith v. State, 276 Md. 521, 350 A.2d 628 (1976); Epps v. State, 276 Md. 96, 345 A.2d 62 (1975). *See also* Battle v. State, 287 Md. 675, 414 A.2d 1266 (1980); Stewart v. State, 282 Md. 557, 386 A.2d 1206 (1978).

**3.** *See also* Smith v. State, *supra,* 276 Md. at 528 n. 3.

concluded its general discussion in language particularly apt to the instant case (*id.* at 533, emphasis supplied):

> "*We regard none of the four factors identified above as either a necessary or sufficient condition* to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, *these factors have no talismanic qualities;* courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution."

Following *Barker v. Wingo,* both the Supreme Court and this Court have reiterated that, after there has been a constitutionally significant delay, no one circumstance is controlling in deciding whether the defendant has been denied a speedy trial but that all pertinent factors must be considered. Thus, in *Moore v. Arizona,* 414 U.S. 25, 94 S. Ct. 188, 38 L. Ed. 2d 183 (1973), the Supreme Court of Arizona had held that under the circumstances of the case, the defendant was not deprived of a speedy trial because there was no actual prejudice resulting from the delay. The United States Supreme Court vacated the judgment and remanded for application of the balancing test, saying (414 U.S. at 26):

> "The state court was in fundamental error in its reading of Barker v. Wingo and in the standard applied in judging petitioner's speedy trial claim. Barker v. Wingo expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial . . . ."

And in *Smith v. State,* 276 Md. 521, 532, 350 A.2d 628 (1976), we stated:

> "The Supreme Court has stated that under the

*Barker* guidelines an affirmative demonstration of prejudice by the defendant is not necessary in order to prove a violation of the Sixth Amendment speedy trial right. *Moore v. Arizona,* 414 U.S. 25, 26, 94 S. Ct. 188, 189, 38 L. Ed. 2d 183 (1973). Thus even if we were to agree with the Court of Special Appeals' conclusion that petitioner did not establish that he was prejudiced, affirmance of that court's holding, that Smith was not denied his constitutional right, would not concomitantly follow. . . ."

To the same effect, *see Jones v. State,* 279 Md. 1, 16-17, 367 A.2d 1 (1976), *cert. denied,* 431 U.S. 915, 97 S. Ct. 2177, 53 L. Ed. 2d 225 (1977); *Erbe v. State,* 276 Md. 541, 558, 350 A.2d 640 (1976); *Epps v. State,* 276 Md. 96, 118, 345 A.2d 62 (1975). These authorities leave no room for the "single factor" approach adopted by the Court of Special Appeals in the case at bar.

As previously indicated, the theory of the Court of Special Appeals' holding seemed to be that the presumption of prejudice, which arises from a long delay and which triggers the balancing process, either does not arise or is rebutted under the circumstances of this case, namely ignorance of the pending charge and no showing of actual prejudice. The intermediate appellate court stated that prejudice was difficult to presume absent an awareness of the charge. This theory, however, will not withstand analysis.

In *Barker v. Wingo, supra,* the Supreme Court pointed out that prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." 407 U.S. at 532. The Court went on (*ibid.*):

"This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."

Although it is true that the first two of these interests may

not be implicated if the defendant is unaware that he has been charged with a crime, certainly the third interest is implicated. Moreover, the third interest is the most important. The Court continued in *Barker* (*ibid.*):

> "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown."

What the Court said is fully applicable to the defendant who is ignorant of the pending charge. Witnesses may die or disappear during the period of delay, and memories may fade, regardless of the defendant's awareness of the charge. The fact that some prejudice, such as diminished memory, may not be reflected in the record, is equally true in both cases. Because such prejudice may not be reflected in the record, a presumption of prejudice from a long delay, thereby triggering the balancing process, is justified whether the defendant knows of the charge or not.

In some respects, there may be more reason for the presumption of prejudice from substantial pre-trial delay when the defendant does not know that he has been accused. Being ignorant of the criminal charge, his mental processes will not be focussing on it and on the underlying events. When he later learns of the charge, he may not think of matters which could have come to mind earlier. A potential witness or other evidence, or some circumstance about the events giving rise to the charge, may be forgotten because the defendant did not know of the charge and direct his attention to it. This type of prejudice could not ordinarily be shown, or negated, by the record. In sum, the defendant's ignorance of the pending criminal charge furnishes no logical basis for refusing to presume prejudice from a long

pre-trial delay and refusing to apply the normal balancing test triggered by the presumption of prejudice.[4]

Our conclusion here is in accord with the cases in other jurisdictions involving a speedy trial claim where the defendant was unaware of the charge during the period of delay. In this situation, the courts have consistently recognized a presumption of prejudice from a long delay and applied the balancing test of *Barker v. Wingo,* viewing the presence or absence of actual prejudice as only one factor to be weighed. *United States v. Washington,* 504 F.2d 346 (8th Cir. 1974); *Clark v. Oliver,* 346 F. Supp. 1345 (E.D. Va. 1972); *State v. Almeida,* 54 Hawaii 443, 509 P.2d 549 (1973); *State v. Cornell,* 44 Ohio Misc. 29, 335 N.E.2d 891 (1975); *State v. Ivory,* 278 Or. 499, 564 P.2d 1039 (1977); *State v. Hutchins,* 25 Or. App. 281, 548 P.2d 1359 (1976); *State v. Willingham,* 13 Or. App. 504, 510 P.2d 1339 (1973); *Green v. State,* 555 S.W.2d 738 (Tex. Crim. App. 1977). Instead of viewing the defendant's ignorance of the charge as a factor weighing against the claim that he was denied a speedy trial, the cases correctly recognize that it may enhance the defendant's constitutional claim. Thus, the defendant's failure to demand a speedy trial during the period when he was unaware of the charge, cannot be weighed against him. *Clark v. Oliver, supra,* 346 F. Supp. at 1350; *State v. Cornell, supra,* 335 N.E.2d at 892-893. And the lack of knowledge concerning the charge has been viewed as supporting a contention of actual prejudice. *State v. Almeida, supra,* 509

---

4. Even if there might be some factual basis for the view of the Court of Special Appeals, it would nevertheless be legally unsound. Although there is language in one recent case suggesting that the presumption of prejudice resulting from a long delay is a "rebuttable presumption," *see* Wilson v. State, *supra,* 281 Md. at 658, affirming State v. Wilson, 35 Md. App. 111, 124-125, 371 A.2d 140 (1977), the presumption is not rebuttable in the sense that a particular circumstance (*e.g.,* ignorance of the charge) or a failure to show actual prejudice, ovecomes the presumption and thus renders unnecessary a balancing test. Instead, once there is a pre-trial delay of constitutional dimension, it gives rise to an irrebuttable presumption of prejudice insofar as the requirement of a balancing test. Otherwise, the single factor "rebutting the presumption" would become determinative, contrary to the cases in the Supreme Court and in this Court from and after *Barker v. Wingo.* The language from this Court's opinion in Wilson v. State, *supra,* was intended to mean only that, where the record fails to show actual prejudice or affirmatively shows a lack of prejudice in certain respects, this particular factor is weighed against the defendant in the balancing process.

P.2d at 553 (the defendant's "having no reason to remember particular facts," because of his ignorance, deemed to support his allegation of a substantially dimmer memory caused by the state's delay); *State v. Cornell, supra,* 335 N.E.2d at 893.

In the present case, the State has conceded "that the length of delay from arrest to trial was fourteen months, and that the period was of 'constitutional dimension'" (respondent's brief, p. 3). We shall, therefore, remand the case to the Court of Special Appeals for application of the balancing test in accordance with the principles set forth in this opinion.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court for further proceedings consistent with this opinion.*
>
> *Costs to be paid by Anne Arundel County.*