## WILLIE FREDERICK BRADY v. STATE OF MARYLAND

[No. 1226 (On Remand), September Term, 1978.]

*Decided September 22, 1980.*

On remand before GILBERT, C. J., and LOWE and MacDANIEL, JJ.

LOWE, J., delivered the opinion of the Court.

On June 23, 1980, the Court of Appeals reversed our September Term, 1978 unreported opinion, No. 1226, wherein we had affirmed the conviction of Willie Frederick Brady. The reversal appears to have been predicated upon our "refusing to apply the normal balancing test triggered by the presumption of prejudice," and substituting therefore a "single factor" approach. *Brady v. State,* 288 Md. 61, 69 (1980), Sl. Op. at 9.

The case was remanded for us to apply the balancing test of *Barker v. Wingo,* 407 U.S. 514 (1972). We are perplexed in that we thought we had. *The length of delay* we had found to be 14 months; *the reasons for delay* we had assessed entirely against the State weighed by its neglect (but neither purposefully, intentionally nor motivated by bad faith); *the failure of the appellant to assert his right* to a speedy trial we excused because, in this rather unique case appellant was not aware he was charged with the commission of the crime, and he asserted his right immediately upon being apprised of the charges against him.

In assessing prejudice we found that there was no "actual" prejudice averred, demonstrated or apparent. In light of the three interests identified in *Barker v. Wingo,* 407 U.S. at 532, which the speedy trial right was designed to protect, *viz:*

> "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.",

any "presumed" prejudice we found to be "elusive" at best. There was neither incarceration nor could there have been anxiety or concern in the absence of knowledge. As to the third — impairment of defense — we noted that the trial

judge had sought in vain for any suggestion that the defense had been impaired.

> " 'COURT: Alright, I have a question, Mr. Legum. Any other prejudice?
>
> MR. LEGUM [appellant's trial counsel]: Well, Your Honor, the prejudice I think is just clear from the amount of time that has elapsed. Prejudice to the defendant is only one of the four parts of the balancing test —
>
> COURT: I understand. *All I want to know if there's any other prejudice, any of his witnesses gone, dead?*
>
> MR. LEGUM: *Not that we know of in that* —
>
> COURT: *Any of his witnesses not available* —
>
> MR. LEGUM: *Not in that sense, Your Honor.*
>
> COURT: *Inability for him to obtain records?*
>
> MR. LEGUM: *Not that we know of, Your Honor.*
>
> COURT: *Transcripts or anything like that?*
>
> MR. LEGUM: *No claim is made to that point of prejudice.* What we have are the length of delay, the reasons for delay, which we would submit are entirely attributable to the State, and the fact that Mr. Brady being unaware of the fact that the indictment was even pending. He was therefore not informed of the charges so he was in no position to demand or request a speedy trial.' " (Emphasis added).

In our original analysis we appear to have misled the Court of Appeals by depicting impairment of defense as a facet of actual prejudice rather than that prejudice which is presumed. However categorized, we found prejudice nonexistent by virtue of that colloquy — whether negated as an element of actual prejudice or rebutted as an element of prejudice presumed. *Wilson v. State,* 281 Md. 640, 658 (1977).

We have, upon remand, again applied the balancing test

as directed and it appears to us now, as it did then, that there was no actual prejudice and that any possible presumption of prejudice, *i.e.,* impairment of defense, was that which had been expressly rebutted by that colloquy. Upon carefully scrutinizing the record again, we can find not the slightest hint that appellant had been harmed by the delay. Absent any harm — either actual or presumed — the deprivation of even a constitutional right hardly warrants so serious a sanction as dismissal. We reaffirm our former judgment.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*