## CONNIE MACK STRICKLER *v.* STATE OF MARYLAND

[No. 1778, September Term, 1982.]

*Decided October 10, 1983.*

The cause was submitted on briefs to GILBERT, C. J., and MOYLAN and LOWE, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Ann E. Singleton, Assistant Attorney General, Stephen J. Braun, State's Attorney for Charles County,* and *Leonard Collins, Assistant State's Attorney for Charles County,* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Connie Mack Strickler was convicted at a nonjury trial in the Circuit Court for Charles County of the crime of escape. Strickler was committed to the custody of the Division of Correction for a period of eighteen months, the sentence to be served consecutively to a prior sentence. On appeal Strickler contends, *inter alia,* that he was denied his right to a speedy trial.[1]

The record before us shows that Strickler was an inmate at the Southern Maryland Pre-Release Unit in Charles County, Maryland. He was serving a five year sentence dating from November 28, 1978, and on August 2, 1980, he failed to return from a work release detail. An arrest warrant charging him with escape was obtained by the Maryland State Police from the district court in Charles County on August 6, 1980.

Appellant was arrested in Prince George's County on October 12, 1980, for storehouse breaking, and he was held there in that County's detention center. The State Police on October 28, 1980, filed a detainer against Strickler on the basis of the Charles County escape charge.

In November, 1981, the appellant entered a plea of guilty in the Circuit Court for Prince George's County in connection with the storehouse breaking. Because of a war related stress illness, he requested a psychiatric examination. The request, which was granted, resulted in a delay in the imposition of sentence.

---

1. Appellant raised two other issues, namely, that the State failed to comply with the provisions of the Intrastate Detainer Act, and the trial court erred in admitting certain evidence. In view of our holding, we need not and do not decide them.

No further action seems to have been taken until January 6, 1982, when the Circuit Court for Prince George's County imposed a seven year sentence on Strickler for the storehouse breaking. Five years of that seven year sentence were suspended, and the remaining two years were to be served concurrently with the sentence Strickler was serving when he escaped from the Southern Maryland Pre-Release Unit.

Strickler was transferred on February 4, 1982, from the Prince George's County Detention Center to the Maryland State Penitentiary. On February 5, 1982, he was indicted by the Charles County Grand Jury for escape. At a pretrial hearing on July 8, 1982, Strickler's request for dismissal because of the lack of a speedy trial was denied.

Strickler contends that the twenty-three month delay in bringing him to trial constituted a denial of his Sixth Amendment right to a speedy trial. The State in response says:

> "Appellant became an accused in the instant case on the day he was indicted, February 5, 1982. His trial began on July 8, 1982. In the instant case, the total delay was approximately five months which is not 'presumptively prejudicial', therefore, this Court can affirm without engaging in the balancing test."

We do not agree with the State's view of when the Sixth Amendment right to a speedy trial was triggered, nor with the State's assertion that the delay was for only five months. In *State v. Hunter,* 16 Md. App. 306, 311, 295 A.2d 779, 782 (1972), we said:

> "[I]t is patent that in order to calculate a constitutionally proscribed delay in bringing a matter to trial, we must look back to the date of the commencement of a prosecution by way of arrest, warrant, information or indictment, whichever shall first occur, and then forward to the date of the trial or hearing."

When we "look back" to the date the warrant was issued, i. e., August 6, 1980, and then forward to the date of the trial, July 19, 1982, it is apparent that the period of delay, twenty-three months, is of constitutional dimension and is one from which we presume prejudice to the accused.[2]

The appellant testified and introduced copies of letters showing evidence that he had made three requests for disposition of the escape charges during the period October 12, 1980 — January 6, 1982. The appellant's final request for disposition of the escape charges was made on January 21, 1982.

The State denied receiving any of the appellant's requests, except for that dated January 21, 1982. The trial judge in denying the appellant's motion for dismissal said:

"The Court finds that in fact the State's Attorney for Charles County, Maryland, was notified by the Defendant of his right to request a speedy trial on the 26th of January, 1982, that following that notice he presented the matter after obtaining a police report to the Grand Jury for Charles County and an indictment was handed down on the 5th day of February, 1982 by the Grand Jury charging the Defendant with escape."

The court found that there was no evidence that the State's Attorney or anyone in his office knew that the detainer had been filed or that the charges were pending against Strickler. The trial judge said that it was his

"opinion that a Defendant has an obligation when a detainer has been filed against him and he is knowledgeable as this Defendant admits he was, in this case, from the 28th of October 1980 to avail himself of the right that he has been given by the legislature under Article 27, Section 616S.

---

2. We note the appellant argues that because of the detainer filed on the escape charge, he was kept in maximum security and was not eligible for parole during the twenty-three month period.

> To notify the appropriate state officials, the Clerk of the court, and the State's Attorney, I am here in jail, you have this detainer against me and I want to be tried.
>
> I think that there does come a period of time in which if the detainer remains, and that the burden of going forward and cause for the delay would shift to the State, but I have no guidance in telling me what a period of time would be."

The State Police and the State's Attorney are arms of the executive branch of government. Indeed, they are, as they should be, closely allied in law enforcement. The State Police had knowledge of the detainer, for they in fact had lodged it against Strickler. Their knowledge of the detainer is imputable to the State's Attorney. Under the circumstances, the State's Attorney's not knowing of the detainer is not a valid reason to brush aside Strickler's Sixth Amendment rights. To toll the triggering of the Sixth Amendment speedy trial right on the basis that the State's Attorney did not know about the information in the hands of the State Police, could create abolition of the Sixth Amendment in practice if not in theory.

In *Brady v. State,* 291 Md. 261, 434 A.2d 574 (1981), the Court had before it a situation wherein Brady was indicted by the Anne Arundel County Grand Jury on August 22, 1977, for "breaking and entering." Notice of indictment and notice of arraignment were mailed to Brady at his last known address but were returned undelivered. "Brady was held in the Baltimore City Jail from November 1977, to May 29, 1978, on an unrelated charge. On May 29, 1978, . . . Anne Arundel County authorities, pursuant to a detainer that had been lodged against him, transported Brady to the Anne Arundel County Detention Center." 291 Md. at 264, 434 A.2d at 576, quoting 288 Md. at 62-63, 415 A.2d 1126.

The Court said, *inter alia,* that prejudice was presumed and that the delay in the trial was "because of the inexcusable failure of the State to check for Brady's presence within the correctional system itself." 291 Md. at 269-270, 434 A.2d at

578. The factual recitation in *Brady* does not disclose when Anne Arundel County authorities first became aware that Brady was in the Baltimore City Jail, nor does it seem to be a significant factor in the Court's disposition of the matter.

After discussing the four factors in *Barker v. Wingo,*[3] *i. e.:* 1) *length of delay,* 2) *reason for delay,* 3) *assertion of the right,* and 4) *prejudice,* the *Brady* Court said:

> "The factor most determinative of the issue, in this case, is *the reason for the delay:* prosecutorial indifference. Brady's trial was not delayed because of someone's professional judgment regarding the allocation of scarce resources, but because of the inexcusable failure of the State to check for Brady's presence within the correctional system itself. However, in our opinion, none of the factors can be found to weigh in favor of the State. We conclude, therefore, that Brady's speedy trial rights were unconstitutionally violated. A dismissal was the appropriate remedy under the facts of this case." 291 Md. at 269-270, 434 A.2d at 578-579.

Commenting upon that holding, we stated in *Gee v. State,* 54 Md. App. 549, 553, 459 A.2d 608, 610 (1983), cert. granted September 1, 1983:

> "Our original unreported *Brady v. State* in 1978 was predicated upon the . . . reasoning, that a defendant who is arrested for a second crime before he has been caught up with to be charged with the first, has 'by his own actions contributed to any delay that occurred.' "

The majority of the Court of Appeals told us we were wrong.

In the case *sub judice,* the State Police knew precisely where Strickler was located, inasmuch as they had lodged a detainer against him based on the escape charge. If, as in

---

**3.** 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

*Brady,* the State is held accountable for its failure to ascertain that a person sought for trial is already detained within the correctional system, then, patently, it is accountable when it knows that the individual sought is within that system.

Strickler, as *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1978), makes clear, was under "no duty to bring himself to trial." That is the responsibility that is shouldered by the State and, in the words of *Hicks,* that duty on the part of the State "is not excused merely because the prisoner is incarcerated in another jurisdiction." 285 Md. at 320, 403 A.2d at 361.

Strickler's case falls within the perimeters staked out by *Brady* and *Gee.* The appellant was an accused, and he was in custody. It was, under the holding of *Hicks, supra,* the State's duty to bring him to trial promptly, and its failure to perform what it was obligated to do is tantamount to the lack of prosecutorial diligence condemned in *Brady v. State, supra.*

The delay in the instant case violated Strickler's constitutional right to a speedy trial. As we remarked in *Gee v. State,* 54 Md. App. at 557, 459 A.2d at 612:

> "Appellant cannot be exonerated but neither can he be incarcerated."

*Judgment reversed.*
*Costs to be paid by Charles County.*